

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK                                                 *271 Cadman Plaza East*
                                                      *Brooklyn, New York 11201*

August 10, 2016

By Hand and ECF

The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    In re Grand Jury Subpoena
                   Misc. Docket Nos. 16-1319, 16-1320, 16-1321

Dear Judge Kuo:

       The government respectfully requests that its previously filed applications in the above-referenced matters remain under seal until further order of the Court in order to preserve the secrecy of the underlying criminal investigations.

I.        Background

       On May 12, 2016, United States Magistrate Judge James Orenstein, serving as duty magistrate, issued a memorandum and order denying fifteen pending applications for non-disclosure orders (requested pursuant to 18 U.S.C. § 2705(b)).  In the order, the magistrate judge issued the following directive:

> I respectfully direct the Clerk to create a separate public docket
> for each application, and within each such docket to file the
> pertinent application under seal to preserve the secrecy of the
> underlying criminal investigation, and to file this document,
> unsealed, on each such docket.

Order I, 16-MC-1300, ECF No. 2, at 12.  Thereafter, the Clerk of the Court created fifteen separate public dockets numbered 16-MC-1300 through 16-MC-1314, filed the pertinent applications under seal, and filed Judge Orenstein's memorandum and order unsealed in each docket.

Later that day, Magistrate Judge Orenstein denied three additional pending applications for non-disclosure orders, in separate publicly filed orders in the above-referenced dockets. These subsequent orders stated that the applications were denied for the reasons set forth in Magistrate Judge Orenstein's prior memorandum and order (16-MC-1300, ECF No. 2). However, unlike with the prior fifteen applications, the magistrate judge ordered (without explanation) that these three applications remain under seal only "for a period of 90 days, subject to renewal upon a showing of a continuing need for secrecy." Order II, 16-MC-1319, ECF No. 2. Each of the three applications included an application for a non-disclosure order, a proposed non-disclosure order, and a grand jury subpoena to which the non-disclosure order related.

Subsequently, on June 28, 2016, the government submitted revised applications for non-disclosure orders, including revised applications in the above-referenced dockets, to United States Magistrate Judge Steven L. Tiscione, serving as duty magistrate. Magistrate Judge Tiscione granted the government's revised applications and ordered that the revised applications and resulting orders be sealed until otherwise ordered by the Court.

The government respectfully requests that the three original applications in the above-referenced dockets (filed as ECF No. 1 in each docket) be sealed until further order of the Court. The original 90-day sealing period for these applications expires after today.

II.     Basis for Sealing

The Second Circuit has explained that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." United States v. Haller, 837 F.2d 84, 87-88 (2d Cir. 1988). There are several reasons for this principle:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1978). Federal Rule of Criminal Procedure 6(e) "implements this policy of secrecy." In re Grand Jury Subpoena, 103 F.3d 234, 237 (2d Cir. 1996). In particular, Rule 6(e)(6) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." The three applications at issue fall within this category. The applications and

2

proposed non-disclosure orders identify the recipient of the grand jury subpoena, and the subpoenas themselves further identify the type of information sought from the recipient and specific witnesses, subjects, and/or targets under investigation.  The documents are therefore "relat[ed] to grand-jury proceedings."  See In re Grand Jury Subpoena, 103 F.3d at 238 ("a proceeding is related to or affects a grand jury investigation if it would reveal matters actually or potentially occurring before the grand jury"); Martin v. Consultants & Administrators, Inc., 966 F.2d 1078, 1097 (7th Cir. 1992) (FBI reports were included within the scope of Rule 6(e) "where disclosure would reveal the identities of targets and other witnesses"); In re Grand Jury Proceedings, 851 F.2d 860, 866-67 (6th Cir. 1988) (information relates to grand-jury proceedings where disclosure might reveal the nature or direction of the proceedings); In re Application of the U.S. for an Order of Nondisclosure, 41 F. Supp. 3d 1, 7 (D.D.C. 2014) (presumption of public access does not apply to non-disclosure application and proposed order as they are ancillary materials related to an ongoing grand jury investigation).  Moreover, those grand jury proceedings pertain to long-term investigations that are expected to continue beyond 90 days.

"The law of this circuit is clear that, once a proceeding falls under Rule 6(e), it receives a presumption of secrecy and closure."  In re Grand Jury Subpoena, 103 F.3d at 239.  Any party seeking disclosure must show a "particularized need" that outweighs the need for secrecy.  Id.  Particularized need is shown by proving that the material sought "is needed to avoid a possible injustice in another proceeding," "the need for disclosure is greater than the need for continued secrecy," and the disclosure request "is structured to cover only material so needed."  Id. (internal quotation marks omitted).  No party has come forward with a showing of particularized need in these matters.

\*     \*     \*

For the reasons set forth above, the government respectfully requests that the three original applications in the above-referenced dockets (filed as ECF No. 1 in each docket) be sealed until further order of the Court.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:     /s/
Saritha Komatireddy
Douglas M. Pravda
Assistant U.S. Attorneys
(718) 254-7000